HILL v. HOPKINS.

4-4927

Opinion delivered February 7, 1938.

*Thomas E. Toler,* for appellant.

*Ernest Briner,* for appellee.

GRIFFIN SMITH, C. J.   This appeal is from a decree of the Grant chancery court dismissing appellant's complaint for want of equity.

It is alleged that fraud was perpetrated by appellee in representing that a Packard automobile, owned by appellee's wife and traded to appellant for 80 acres of land, was a 1931 model when in fact it was a 1929 model.

Appellant testified that appellee, in sequence of certain correspondence, brought the car to her home, where a deal was consummated on September 26, 1936.  Appellant's husband, as her agent, acted with her in making the exchange.

During the latter part of December appellant ascertained that certain parts ordered for a 1931 model Packard would not fit the car she received, but that 1929 parts were suitable.  In this manner the alleged fraud was discovered.

A postal card dated January 18, 1937, was sent to appellee by appellant's husband, which reads: "Want to order parts for Packard sedan bought by Mrs. Hill

of you, and get license. Please write what model this car is, and state how to go about ordering parts and getting license.''

Complaint was filed February 3, 1937. Appellant asked that the deed be cancelled; that she have $100 to compensate for money spent in repairing the car; and that a lien be declared on the car for the $100 item; or, in the alternative, if cancellation of the deed be not ordered, that she have judgment for $1,000.

Appellee moved to quash service on the ground that summons was served in Pulaski county. The motion was overruled and appellee answered, saving exceptions. Appellee did not offer any testimony.

For reversal it is urged: (1) That the court erred in dismissing the complaint for want of equity; (2) that the court erred in refusing to allow R. W. Springer to testify as an expert; (3) that it was error not to permit J. W. Hill to testify as to values shown in the ''blue book;'' and (4) that the court erred in overruling appellant's request for additional time for the procurement of testimony.

█ Appellant's complaint was properly dismissed. Rescission of the contract was asked, with cancellation of the deed, but appellant did not offer to return the automobile. She could have elected to retain the property and sue for damages. In that election no tender of return would have been necessary. But she did not do this.

Appellee was a citizen of Pulaski county and could not be required to answer for damages on summons issuing from the Grant chancery court in the circumstances here shown.

Rescission, and cancellation of the deed, being in the nature of a proceeding in rem, could have been decreed, the land being in Grant county.

Appellee's motion to quash service should have been granted for all purposes other than rescission and its incidences. Thereafter, when it was shown by appellant's testimony, or by testimony offered in her behalf, that

no offer had been made to return the automobile, the complaint was subject to dismissal for want of equity.

While the car was in appellant's possession the upholstery was badly damaged by a dog and its value was in other respects impaired by the acts of appellant's husband in using the car as a conveyance of wild hogs.

In the view we have taken it becomes unnecessary to discuss assignments 2, 3, and 4.

The decree is affirmed.